CRANMER, Appellant, v. HOWARD, et al., Respondents.

(186 N. W. 555.)

(File No. 4730.   Opinion filed January 30, 1922.)

**Rehearing—Quieting Title, Finding of Non-ownership of Lot by Plaintiff, Non-claimer of Interest on Trial Below and Appeal, Question Non-presentable on Rehearing.**

Where, in a suit to quiet title, trial court found that plaintiff was the owner of a certain lot, and that a mortgage thereon was foreclosed and, no redemption having been made, the sheriff delivered his deed therefor to mortgagee, whereby the latter became owner, which finding was the basis of the decision below and by this Court on appeal, and appellant (now on rehearing claiming ownership) not having questioned sufficiency of evidence to support the finding, or claimed that she was still owner of the South 35 feet of the lot, and nothing appearing in her brief that she was claiming such title, held, that the question concerning title to the South 35 feet of the lot, presented on petition for rehearing, was not presented by the appeal record; and rehearing is denied.

Whiting, J., adhering to his former views re the merits, but joining in denying rehearing.

On rehearing.  Rehearing denied.

*Amos M. Goodman,* and *S. H. Cranmer,* for Appellant.
*Williamson, Williamson & Smith,* for Respondent.

PER CURIAM.   This matter is before the court upon a petition for rehearing.  The opinion of the court was handed down on the 2d day of June last, and is published in 183 N. W. at page 124.

In her application for a rehearing and as a reason why a rehearing should be granted, appellant contends that the sheriff's deed shown in the record did not purport to convey all of lot 12 described in the complaint, and was not sufficient evidence on

which to base the claim that plaintiff, at the time of the trial had no interest in said lot 12. It is true the sheriffs' deed mentioned in the record as "Exhibit 1" and also as "Exhibit 7" in describing the property conveyed by the deed recites.

"Lots 7 and 8 in block 15, original plat of the city of Aberdeen, South Dakota; and lots 10, 11, and 12, in block 75 of Hagerty's & Lloyd's addition to the city of Aberdeen, South Dakota, except the south 35 feet thereof."

The findings of fact recite that the plaintiff was the owner of lot 12, block 75; that the First National Bank of Aberdeen held a mortgage on said real property, which mortgage was thereafter foreclosed and said property sold at a foreclosure sale, and, said property not having been redeemed from such sale, the then sheriff of said county issued and delivered to said First National Bank a sheriff's deed of said property, whereby the said First National Bank became the owner thereof, and all right, title, and interest of the plaintiff in and to said property was divested, and she had no interest in the property at the time of the trial; and for that reason no issue was left to be tried. It was upon this finding that the decision of the trial court and of this court was based, the appellant has in no manner questioned the sufficiency of the evidence to support this finding. Neither on the trial in the circuit court nor on the hearing in this court did appellant claim that she was still the owner of the south 35 feet of lot 12. In her brief in this court appellant says:

"But even if this evidence was competent to establish the fact that plaintiff parted with her title on the date of this instrument, December 26, 1917, the paper was inadmissible for the reason that issue was joined in this action in September, 1914. * * * But what if plaintiff did dispose of her title to the property during the pendency of the action? That would have no effect on the action."

Nothing to indicate that she was claiming that the title to the south 35 feet of lot 12 was in any wise different from the other part of that lot. So far as any question raised by appellant is concerned she may, long prior to the giving of the mortgage, have disposed of the south 35 feet of lot 12 to other parties. Therefore it is the view of the court that the question relative to the title to the south 35 feet of lot 12 presented by the

petition for rehearing was not presented by the record on appeal to this court, and a rehearing is denied.

WHITING, J. I am convinced that the court erred in its former opinion, and still adhere to the views expressed in my dissenting opinion. But appellant has given no reason why a rehearing should be granted.